London Guarantee and Accident Company, Ltd., Appellee, v. Edward P. Steinberg, Appellant.

**Gen. No. 35,494.**

Opinion filed December 28, 1931.

LAWRENCE A. JACOBSON, for appellant.

RYAN, CONDON & LIVINGSTON, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

October 3, 1930, plaintiff caused judgment by confession to be entered on a lease for $391.87, which included $58.53 for attorney's fees. The rent claimed was for October and November, 1929. Afterwards, on motion of the defendant, the judgment was opened and he was given leave to defend. There was a trial before the court without a jury, and a finding and judgment in plaintiff's favor, the judgment was confirmed and defendant appeals.

The record discloses that on November 5, 1926, plaintiff, as landlord, and defendant, as tenant, entered into a written lease demising the premises described as room 1801 London Guarantee and Accident Building, Chicago. The lease by its terms covered a period from December 1, 1926, to November 30, 1929. The tenant paid all rent as it accrued under the lease up to October 1, 1929. He vacated the premises on the next day, October 2, 1929, and surrendered possession of them to plaintiff; and it is the contention of defendant that he vacated the premises on that date by agreement with the landlord under a mutual mistake, both parties being of the opinion that the lease, by its terms, expired October 1, 1929. Plaintiff concedes that the defendant might surrender up the premises and thereby terminate the lease if this were done with the consent of the landlord, but it is contended that on this ques-

tion the evidence is in conflict—that there was no mutual agreement.

The evidence is to the effect that the defendant occupied the offices covered by the lease in the conduct of his business as an architect; that about August, 1929, Mr. Drake, who was plaintiff's manager of the London Guarantee Building, in which the offices were located, and to whom all rent was paid, called on defendant in reference to making a new lease. At that time the defendant stated that he thought he would not stay after the expiration of his lease unless there was a reduction of rent, and stated that he expected to move to the Carbide Building. The defendant testified that at that conversation Mr. Drake said to him " 'Your lease is up on October 1st and are you going to sign a new lease?' And I told Mr. Drake I wasn't going to sign a new lease at those rents. He said, 'Maybe we can get together' ''; that Drake refused to reduce the rent and he later obtained quarters in the Carbide Building; that afterwards Drake said defendant would have to vacate by October 2nd and that defendant did so and turned the keys over to Mr. Drake.

Drake testified that he spoke to the defendant in August about renewing the lease and at that time he did not know when defendant's lease expired; that defendant stated at that time the lease expired October 1st, and Drake assumed this to be the fact.

A consideration of all the evidence we think discloses the fact that beginning in August, 1929, when the parties were negotiating for a new lease they were both of the opinion that the lease expired October 1, 1929, and that they were not able to come to an agreement for a new lease; that acting under this mutual mistake, defendant obtained new quarters and vacated and surrendered up the premises. We think this was the understanding of plaintiff, because so far as the record discloses no attempt was made to collect the

rent for October and November, 1929, until judgment was confessed, almost a year later. This is significant when the evidence discloses that defendant paid his rent promptly. The defendant, having surrendered the premises by mutual agreement, obviously could not be held liable for rent afterwards.

Nor do we think there is any merit in plaintiff's contention that Drake had no authority to enter into such an agreement. The evidence shows that Drake was the manager of the building, all rents were paid to him and in fact defendant had dealings with no one but Drake. We think it clear that what Drake did in the matter was binding on the plaintiff.

The judgment of the municipal court of Chicago is reversed, but since no recovery can be had the cause will not be remanded.

*Judgment reversed.*

McSURELY and MATCHETT, JJ., concur.